UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| RIGOBERTO VARELA-ANDINO, )<br>)<br>    Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | Case No. CV407-062<br>[Underlying CR406-040] |

## REPORT AND RECOMMENDATION

Varela-Andino has moved the Court to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. Doc. 1.[1] The government opposes the motion. Doc. 3. The motion should be **GRANTED** so that movant may pursue an out-of-time appeal.

Movant was convicted of illegal reentry into the United States in violation of 8 U.S.C. § 1326. Cr. doc. 23 at 1. Represented by appointed counsel, movant entered a guilty plea. Id. On June 20, 2006, movant was sentenced to eighty-seven months' imprisonment, three years' supervised release, and a special assessment of $100.00. Id. at 2, 3, 5. On May 22,

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-062. "Cr. doc." refers to documents filed under movant's criminal case (CR406-040).

2007, movant filed the present § 2255 motion claiming ineffective assistance of counsel.[2] The motion states that counsel was ineffective for failing to file a notice of appeal after movant received an unfair sentence. Doc. 1 Attach. at 2-3. It is undisputed that movant's attorney did not file a notice of appeal. The Court held an evidentiary hearing on October 25, 2007 to inquire into this matter. At the hearing, the Court heard testimony from movant and his trial attorney, Kevin J. Street.

In the § 2255 motion, movant stated that Mr. Street promised to file an appeal on his behalf. Doc. 1 Attach. at 2-3. This implies that he either asked or communicated to Mr. Street his desire to file an appeal or reasonably relied upon Street's alleged promise to pursue an appeal. The law is well settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (per curiam). Because a defendant is entitled to a direct appeal from his

---

[2] Movant also claims that his state charge was not an "aggravated felony," that the statute he was charged under carries a maximum of two years' imprisonment, and that he was unjustly punished twice for the same crime. Doc. 1 at 6-8.

conviction as a matter of right, Rodriquez v. United States, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino, 68 F.3d at 417; Flores-Ortega, 528 U.S. at 477.

At the § 2255 hearing, however, Mr. Street testified that his client never requested that he file an appeal. § 2255 Hr'g Tr. at 13. Furthermore, when movant was questioned at the hearing, he directly contradicted the statements made in his § 2255 motion. He admitted that he never directly asked Mr. Street to file an appeal on his behalf and that Mr. Street did not promise to file an appeal. Id. at 23. Movant then testified that though he did not personally ask Mr. Street to file an appeal, he asked his sister to contact Street to inform him to do so. Id. at 26. But he conceded that he was not sure that she had actually contacted Street. Id. The Court credits the consistent testimony of Street and movant that movant never specifically asked Street to file a notice of appeal.

3

Relying upon the Supreme Court's definition of the term "consult," the Eleventh Circuit recently held that "adequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson, 2007 WL 3033152 at *2. Though counsel generally has a duty to consult with his client, it is possible that "a sentencing court's instructions to a defendant about his . . . rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." Flores-Ortega, 528 U.S. at 479-80.

It is undisputed that movant was adequately informed of his right to appeal. Mr. Street testified that before sentencing, he explained to his client that an appeal is proper if "the government had done something wrong, or somehow the government had taken advantage of [the client]." § 2255 Hr'g Tr. at 14. The sentencing judge similarly advised movant of his right to appeal. Sentencing Hr'g Tr. at 8. Furthermore, movant admitted during the § 2255 hearing that he understood that he had the right to appeal. § 2255 Hr'g Tr. at 26.

Mr. Street, however, did not adequately explain the advantages and disadvantages of taking an appeal. Street informed movant that though he had a right to appeal, there had to be valid grounds, id. at 7, 17, and Street "did not believe that there was a valid ground." Id. at 17. Counsel further discouraged movant by stating that if movant was "granted the appeal, and he took the trial, that he could be looking at the potential of twenty years." Id. at 8. Mr. Street admitted that he never discussed the possibility of appealing movant's sentence based upon the sentencing judge's application of the Federal Sentencing Guidelines. Id. at 8. "Simply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense." Thompson, 2007 WL 3033152 at *2. Rather, a defendant should be provided with enough information to either "intelligently and knowingly [] assert[] or waive[] his right to an appeal." Id. Without any information regarding his right to challenge only his guidelines sentence on appeal, movant could not have intelligently and knowingly asserted or waived his right to appeal. Instead of informing his client of the right to contest only his guidelines sentence and that an appeal must be filed if movant so requested, counsel

5

informed movant that "you have to have grounds" for an appeal and that he could face "severe repercussions" whether the appeal was "determined to be frivolous," § 2254 Hr'g Tr. at 7, 17, or movant actually prevailed on appeal, for then his remedy would be a trial and the prospect of a twenty-year sentence. Id. at 6, 8. This testimony reflects a fundamental misunderstanding of the law and overlooks entirely movant's right to appeal only the calculation of his guidelines sentence. 18 U.S.C. § 3742(a)(2); Montemoino, 68 F.3d at 417; United States v. Jordan, 915 F.2d 622, 626-27 (11th Cir. 1990). Street admitted that he never talked to his client "about the possibility of appealing the way the sentencing guidelines were applied," id. at 8, and he further expressed his view that movant's unhappiness with "the number of months" of his sentence was not "a valid ground" for an appeal. Id. at 17. Thus, Street did not advise his client appropriately regarding the advantages and disadvantages of filing an appeal, as required by the second element of the "consultation" test.

Nor did Street make a reasonable effort to determine if movant wanted to file an appeal regardless of the appeal's merit. Street freely

admitted that at no point did he directly ask movant if he actually wanted to appeal. § 2255 Hr'g Tr. at 13-14. Though counsel stated at the § 2255 hearing that he would have filed an appeal on movant's behalf regardless of its merit, there is no evidence that he conveyed that information to movant. Id. at 13. Street spoke with his client for several minutes after sentencing, but he made no effort to expand upon the sentencing judge's instructions to movant that he had a right to an appeal[3] or to determine whether movant desired an appeal. Id. at 17. Indeed, although he was aware that his client was unhappy with his sentence, Street conceded that the subject of an appeal never came up. Id. When "no reasonable effort [is] made to discover [movant's] informed wishes regarding an appeal, . . . any waiver by [movant] of his right to appeal was not knowing and voluntary." Thompson, 2007 WL 3033152 at *2.

As two of the three elements of adequate consultation were not satisfied, it is apparent that counsel failed to consult with movant regarding his right to appeal. Flores-Ortega, 528 U.S. at 478. "If counsel

---

[3]While the sentencing judge informed movant of his right to appeal, Sentencing Hr'g Tr. at 8, those instructions were not "so clear and informative as to substitute for counsel's duty to consult ." Flores-Ortega, 528 U.S. at 479-80.

7

has not consulted with the [movant], the court must . . . ask . . . whether counsel's failure to consult with the [movant] itself constitutes deficient performance." Id. Although the better practice is to consult in every case, counsel has a constitutionally imposed *duty* to consult only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal); or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. "In making this determination, courts must take into account all information counsel knew or should have known." Id.

In evaluating whether counsel's failure to consult was reasonable under all the circumstances, "a highly relevant factor" in the inquiry will be whether the conviction follows a guilty plea, "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. Also relevant is whether the defendant received the sentence he bargained for under the plea agreement. Id. Here, movant negotiated a plea with the government, agreed to plead guilty, and

received a sentence at the extreme upper end of the guidelines as calculated in the plea agreement.[4] § 2255 Hr'g Tr. at 7.

In examining the entirety of the circumstances, however, it appears that movant did not seek an end to the judicial proceedings; he was simply resigned to the impossibility of his situation. Id. at 8 ("He seemed resigned to the sentence. And thank[ed] me, you know, for what I had done for him"). Although the *statutory* maximum for the charged offense was twenty years' imprisonment, the presentence report set the guideline range at seventy to eighty-seven months. Id. at 18. Movant was not happy with his eighty-seven month sentence, but he was assured by Street that he "needed to have grounds" for an appeal and that if he chose to appeal he exposed himself to the risk of a twenty-year sentence. Id. at 6-8, 15, 17. The Court is of the opinion that if movant had been properly advised that he could appeal solely on the length of his

---

[4] In one recent Eleventh Circuit opinion, the court found that there was no constitutionally required duty to consult when movant pled guilty, received the sentence he bargained for, the sentence imposed was at the bottom of the guidelines range, and his plea agreement expressly waived his right to appeal. See Otero v. United States, 499 F.3d 1267 (11th Cir. 2007). The facts here are clearly distinguishable, as movant's sentence was at the top of the guideline range, and most significantly, he did not expressly waive his right to appeal.

*guidelines* sentence, he would have been interested in appealing. Furthermore, the Court concludes that at least some rational defendants in movant's position would have chosen to appeal the sentence (as defendants unhappy with their guidelines sentence do on a regular basis).

Under Strickland, movant must also show that he was prejudiced by counsel's deficient performance. Flores-Ortega, 528 U.S. at 481. There can be no showing of the required constitutional prejudice under Strickland without a showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. Because direct appeals of a federal sentence are a matter of right, this Court must determine whether movant has shown that he would have appealed without regard to the putative merits of the appeal. Id. at 485-86. Mr. Street repeatedly testified that movant was unhappy with the sentence imposed. § 2255 Hr'g Tr. at 6, 7, 15, 17. Movant believed the sentence to be too long. Id. Accordingly, the Court finds that there is a reasonable probability that movant would have exercised his right to appeal if counsel's performance

had not been deficient. Thus, movant should be **GRANTED** an out-of-time appeal.

The Eleventh Circuit set forth the procedure courts are to follow when granting out-of-time appeals in <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, (1) the judgment in movant's criminal case should be vacated; (2) the court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant should be advised that he has ten days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. <u>Id.</u>

Movant must be afforded counsel to represent him during his direct appeal. Accordingly, the Court **DIRECTS** that Andrew S. Johnson, the attorney appointed to represent movant in the § 2255 proceeding, continue to serve as movant's counsel for the purpose of filing and prosecuting the direct appeal of his criminal case.

**SO REPORTED AND RECOMMENDED** this  5th  day of November, 2007.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**